IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM LICHTER, | : |
| | : |
| PLAINTIFF, | :    CIVIL ACTION |
| | :    No. 02-21-cv-_____ |
| v. | : |
| | : |
| MARC AVI FROHLICH, a/k/a MARC A FROHLICH a/k/a MARC ALLYN FROHLICH, FROHLICH FINANCIAL GROUP, LLC | : |
| | : |
| DEFENDANT. | : |
| | : |

## COMPLAINT

1. Plaintiff Menachem Lichter, (*hereinafter* referred to as "Mr. Lichter" or "Plaintiff," unless indicated otherwise), by and through its undersigned counsel, hereby avers as follows:

## INTRODUCTION

2. This is an action to recover for monies due and owing Mr. Lichter from Defendants due to Defendants' wrongful actions and inactions concerning Mr. Lichter's earned commission.

## PARTIES

3. Plaintiff Mr. Menachem Lichter is an adult individual who resides at 50 E Concord Dr, Monsey, NY 10952 Defendant Marc Avi Frohlich ("Defendants") is an adult individual who resides at 21069 Bella Vista Cir, Boca Raton, FL 33428.

4. Frohlich Financial Group, LLC (Also "Defendants") is a Limited Liability Corporation organized in the State of Florida with an address 7100 W CAMINO REAL, Suite 303, BOCA RATON, FL 33433.

## STATEMENT OF FACTS

5. In or around the Spring of 2014, Mr. Lichter met Defendant at a MassMutual summit (the "Summit") that took place in Paris, France.

6. The Summit's purposes and objectives included providing MassMutual's top insurance agents the opportunity to network and work together to solicit and secure insurance policies for clients who have high net worth.

7. Accordingly, Mr. Lichter and Defendant networked with one another, with Defendant approaching Mr. Lichter.

8. Defendant suggested that Mr. Lichter and he work together because MassMutual had assigned to him its new product, Premium Financing.

9. Defendant said that he would maximize his banking connections to obtain additional clients for which they would share commissions 50/50.

10. Defendant represented that with his banking connections, he would be able to bring banking and financing opportunities to Mr. Lichter and asked Mr. Lichter to present those types of clients to him so they could share the commissions.

11. Thus, when Mr. Lichter's client Shulem Oberlander approached him, he discussed the client with Defendant.

12. Mr. Oberlander wanted a life insurance policy on his mother.

13. Defendant advised that this was the situation that he thought the two of them should work on together.

14. Defendant emailed Mr. Lichter various financing illustrations that Mr. Lichter in turn presented to Mr. Oberlander.

15. Thereafter, Plaintiff began the underwriting process for the Oberlander policy (the "Policy").

16. Mr. Lichter inquired as to the Policy several times during the underwriting process, however, Defendant never followed through.

17. Defendant delayed the process, not delivering on the financing options or otherwise participating in obtaining the Oberlander Policy.

18. Mr. Lichter ultimately obtained the financing that was needed for the Oberlander Policy, which was ultimately delivered to Mr. Oberlander.

19. Defendant did nothing except provide some initial **hypothetical** illustrations.

20. Frolich said the bank loans will follow a few months after the policy will be in effect which never happened. Once the policy went into effect, there was no way to change the agent information on the policy.

21. Defendants therefore unjustly received $1,000,000 in commission.

22. Defendant did not obtain the financing for the Oberlander Policy.

23. Defendant did not deliver the financing option to Mr. Oberlander.

24. Mr. Lichter ultimately obtained and delivered the financing to Mr. Oberlander for the Policy.

25. Mr. Lichter's expertise, work, and deliverance earned the $1,000,000 that Defendant retains to this day.

26. Mr. Lichter has demanded that Defendant pay over to him his (Mr. Lichter's) earned commission.

27. As both are members of the Orthodox Jewish Community, Mr. Lichter demanded that Defendant appear at a Beth Din for arbitration of the matter, and Defendant has been sent no less than three demands. Exhibit A, a true and correct copy of the third hazmana.

28. To date, Defendant has not shown up to arbitrate this dispute.

## First Cause of Action
## Breach of Contract

29. Mr. Lichter incorporates by reference every allegation contained in the paragraphs above.

30. Mr. Lichter and Defendant entered into a valid and existing agreement pursuant to which they agreed to work together to solicit and secure insurance clients (the "Agreement").

31. The Agreement included that in exchange for introducing and working together for (a) Mr. Lichter to provide various insurance products, (b) Defendant would secure the necessary financing.

32. In working together, Mr. Lichter on the insurance products and Defendant on the financing, they would share in the commissions 50/50.

33. However, as it relates to the Oberlander Policy, Defendant did not fulfill his agreed upon obligation to secure financing.

34. Defendant materially breached the Agreement by failing to secure the necessary financing.

35. Defendant's breach was unjustified.

36. Defendant received $1,000,000 commission despite his failure to fulfill his contractual obligations.

37. Defendant's material, unjustified breaches caused and continue to cause Mr. Lichter harm and injuries.

38. As a direct and proximate result of Defendant's actions, Mr. Lichter has been caused to suffer damages in an amount to be established upon trial of this action, but in no event less than $1,000,000.

## Second Cause of Action
## Unjust Enrichment

39. Mr. Lichter incorporates by reference every allegation contained in the paragraphs above.

40. Defendants have benefitted by the receipt of $1,000,000 commission that they did not earn.

41. The acceptance and retention of the benefits of $1,000,000 unearned commission by Defendants is inequitable to Mr. Lichter as Defendants did not earn the commission (rather, it was earned by Mr. Lichter).

42. As a direct and proximate result of Defendant's actions, he has been unjustly enriched by his conversion and tortious conduct.

43. Defendant has been unjustly enriched and in equity and good conscious the circumstances require that Defendant disgorge to Mr. Lichter all such unjust enrichment in an amount to be determined at trial, but in no event no less than $1,000,000.

## Third Cause of Action
## Conversion– Civil Theft

44. Mr. Lichter incorporates by reference every allegation contained in the paragraphs above.

45. Mr. Lichter had and continues to have exclusive ownership of the commission for the Oberlander as he is the only one who delivered on the insurance and financing aspects of the Policy.

46. Defendant converted the $1,000,000 commission to him.

47. Mr. Lichter is being damaged by the unauthorized use and retention of his earned commission

48. Mr. Lichter has been damaged by such conversion and theft to an amount more than $1,000,000, plus interest at the statutory rate, from the date to be determined at trial, up to and continuing from the date herein, and does demand judgment in that amount.

### Fourth Cause of Action
### Fraudulent Inducement / Fraudulent Misrepresentation

49. Mr. Lichter incorporates by reference every allegation contained in the paragraphs above.

50. Defendant represented that (a) he would present and secure viable financing options to Mr. Lichter's insurance clients and (b) that he would share only commissions earned by him for which he had presented and secured viable financing options.

51. Defendant represented to Mr. Lichter that he would provide financing regarding Oberlander Policy.

52. Defendant willfully, falsely, and knowingly misrepresented that he would provide financing regarding the Oberlander Policy.

53. Defendant made the false and material misrepresentation to receive the $1,000,000 commission that he did not earn.

54. Mr. Lichter justifiably and reasonably relied on Defendant's misrepresentations in contacting Defendant regarding financing related to the Oberlander Policy.

55. Mr. Lichter had no way of knowing that Defendant was misrepresenting his intentions.

56. Mr. Lichter could not have discovered the misleading nature of Defendant's misrepresentations on their own because Defendant was in exclusive possession of that information.

57. Mr. Lichter did not have an independent duty and had no reason to suspect Defendant's intentions.

58. Defendant had a duty to fulfill his obligations to Mr. Lichter to represent accurately his intentions concerning the financing options available to the insurance client, Mr. Oberlander.

59. Defendant was in a superior position to know the falsity and/or misleading nature of his misrepresentations.

60. Defendant misrepresented material facts to gain the $1,000,000 commission.

61. Mr. Lichter sustained injury to due to Defendant's receipt and retention of the commission.

62. Mr. Lichter was unaware of the material misrepresentations outlined herein.

63. Mr. Lichter is entitled to recover the full commission that was not earned by Defendant, but was instead earned by Mr. Lichter, in an amount to be determined at trial but in no event less than $1,000,000.

64. Defendant's actions were done maliciously, oppressively, deliberately, with intent to defraud, in reckless disregard of Mr. Lichter's rights and well-being and to enrich Defendant at Mr. Lichter's expense. Defendant's wrongful conduct warrants an assessment of punitive damages in an amount sufficient to deter such outrageous conduct in the future.

### Fifth Cause of Action
### Negligent Misrepresentation

**65.** Mr. Lichter incorporates by reference every allegation contained in the paragraphs above.

**66.** Mr. Lichter reasonably placed his trust and reliance in Defendant's representations that (a) he would present and secure viable financing options to Mr. Lichter's insurance clients

and (b) that he would share only commissions earned by him for which he had presented and secured viable financing options.

68. Because of duties owed to the insurance clients and to the public in general, Defendant owed a duty to use reasonable care regarding the presentation, underwriting, and issuance of the Oberlander Policy.

68. Defendant breached his duty to Mr. Lichter by providing false, misleading, and /or deceptive information.

69. Mr. Lichter justifiably and reasonably relied on Defendant's misrepresentations in contacting Defendant regarding financing related to the Oberlander Policy and a reasonable person in similar circumstance would have relied on Defendant's misrepresentations.

70. As a result, Mr. Lichter presented information to Defendant, the underwriter and to Mr. Oberlander for the Oberlander Policy to be issued.

71. As a result of Defendant's misrepresentations and failure to secure the financing, he received $1,000,000.

72. Defendant failed to use reasonable care in his communication and representations to Mr. Lichter and the underwriter.

73. Defendant's negligent misrepresentations have caused and continue to cause Mr. Lichter damages in an amount to be proven at trial or, alternatively, Mr. Lichter seeks rescission and disgorgement pursuant to this cause of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Menachem Lichter requests that the Court enter an Order in his favor and against Defendant Marc Avi Frohlich as follows:

(i)   money damages in an amount to be determined at trial;

(ii)  interest, post- and pre- judgment;

(iii)   costs of this litigation;

(iv)   disgorgement of the commission;

(v)   attorneys' fees;

(vi)   punitive damages; and

(vii)   any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Lichter hereby demands a jury trial for all claims so triable.

Dated: <u>January 24</u>, 2022                                        Respectfully submitted,

*Scott C. Levenson*
SCOTT C. LEVENSON, ESQ
LEVENSON LAW, LLC
Attorney for Plaintiffs
625 W 51st Street
New York, NY 10019
(347) 352-2470
Levensonlawgroup@gmail.com